FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2021 SEP 17 PM 1: 24

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES OF AMERICA ) 
)
v. ) Criminal No.: 21-10183-WGY-1
)
SARATH YUT, )
)
Defendant )

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY WITH PROPOSED CONDITIONS OF PRETRIAL RELEASE**

The United States of America, by and through the United States Attorney and undersigned Assistant United States Attorney, hereby respectfully opposes Defendant's Motion for Release from Custody with Proposed Conditions of Pretrial ("Motion for Release"). *See* the Court's Electronic Case File, Docket Entry 126. Defendant is the leader of a Lowell, Massachusetts-based gang that is responsible for narcotics trafficking and rivalry-fueled violence in the Merrimack Valley region and beyond. Since his arrest on June 10, 2021, Defendant has been held pending trial. In consideration of the 18 U.S.C. § 3142(g) factors, Defendant's requested release poses unjustifiable risks of flight and danger to the community, and no condition or combinations of conditions of release will reasonably assure his appearance at these proceedings or the safety of any other person and the community. The conditions Defendant proposes would not sufficiently mitigate the risks associated with his release. Accordingly, Defendant's Motion for Release must be denied.

I.      GROUNDS FOR DETENTION

At Defendant's initial appearance, the Government requested that Defendant be detained pending trial on the following statutory grounds:

1) 18 U.S.C. § 3142(f)(1)(B), because the Indictment charges an offense for which the maximum sentence is life imprisonment or death;

2) 18 U.S.C. § 3142(f)(1)(C), because the Indictment charges an offense for which a maximum term of 10 years or more is prescribed in the Controlled Substances Act;

3) 18 U.S.C. § 3142(f)(2)(A), because there is a serious risk that Defendant will not return to court if released; and

4) 18 U.S.C. § 3142(f)(2)(B), because Defendant presents a serious risk of obstruction of justice and witness intimidation.

A rebuttable presumption for detention applies in this case because the Indictment charges an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act. *See* 18 U.S.C. § 3142(e)(3).

II.   LEGAL STANDARD

The law mandates a defendant's detention pending trial if, after a hearing, a court determines that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(e); *see United States v. McForbes*, 109 F. Supp. 3d 365, 367 (D. Mass. 2015). The Government bears the burden of demonstrating that a defendant poses a danger to the community by clear and convincing evidence or that the defendant poses a risk of flight by a preponderance of the evidence. *See United States v. Rose*, 2012 WL 2500497, *1-2 (D. Mass. June 26, 2012) (affirming magistrate judge's detention order where, *inter alia*, a defendant faced lengthy imprisonment term and was the alleged ringleader of a drug trafficking organization).

In determining whether any conditions of release will reasonably assure a defendant's appearance and the safety of any other person and the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the

evidence; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger that the defendant's release would pose to any other person or the community. 18 U.S.C. § 31422(g).

The Government is prepared to go forward at a detention hearing with evidence meeting its burden of proof with respect to both Defendant's dangerousness and risk of flight.

III.     EVIDENCE IN SUPPORT OF DETENTION

The evidence to be produced at a detention hearing will amply demonstrate that the Section 3142(g) factors all weigh in favor of Defendant's detention.

In summary, a three-year investigation of Defendant's narcotics trafficking and money laundering activity revealed that Defendant orchestrated a sophisticated system of transporting narcotics from California suppliers through the United States Postal Service ("USPS"). He also returned bulk cash shipments to those suppliers through USPS. Intermediaries received electronic payments from Defendant to receive shipments of narcotics, in order to shield Defendant's involvement. Court-authorized electronic and video surveillance, recordings from post offices, telephone records, Internet Protocl address tracking information, Cash App and Venmo business records, and USPS data and records all connect over 200 packages mailed to and from California with Defendant. Several of those packages were intercepted and searched. Each of the inbound packages contained illegal narcotics. The outbound packages contained both narcotics and cash, including, in one instance, cash that had been used by investigators to purchase cocaine from one of Defendant's gang associates.

The weight of the evidence of Defendant's position at forefront of a dangerous narcotics trafficking conspiracy is extremely strong. Defendant's proposed release into the community is a grave threat in light of Defendant's leadership role of the gang and as the primary instigator of the

charged criminal offenses that ensnared 14 other members and associates of his gang, all of whom live in and around the Lowell community. Some of these defendants have been released pending trial and are liable to aid Defendant in perpetuating the conspiracy or carrying out new offenses.

IV.    INADEQUACY OF PROPOSED CONDITIONS OF RELEASE

Taken together, Defendant's proposed conditions of release are insufficient to assure the Court that any other person or the community will be safe, or that Defendant will appear in these proceedings as required. There are three particular aspects of Defendant's proposal with which the Court should be concerned.

First, residing with his sister, Sareth Yut, is not going to help Defendant avoid committing further criminal offenses or abide by his conditions of release. Sareth Yut very likely had knowledge of Defendant's criminal activity for years prior to his arrest. Since his arrest, Sareth Yut has agreed to provide assistance in Defendant's attempts to tamper with evidence.

Second, Defendant's business does not appear to be legitimate. The investigation revealed that Defendant is a principal of a real estate company, Fvmily 1st Real Estate & Renovation LLC. Official records suggest that this company does not actual do business in real estate, or any business for that matter. Instead, the evidence suggests that the business is an extension of Defendant's criminal enterprise and is intended as a vehicle to launder proceeds of crimes.

Finally, Defendant has an extensive domestic and international travel record. Evidence gathered in the course of the investigation indicates that Defendant has forged numerous connections outside of the jurisdiction through his narcotics trafficking activity and as a result of his gang status. Accordingly, the proposed conditions that would require Defendant to forfeit his passport or restrict his travel would do little to mitigate the risk that Defendant may leave the jurisdiction and fail to appear in these proceedings as required.

4

## CONCLUSION

For all the foregoing reasons, Defendant is a serious flight risk, and his proposed release threatens the community. Because no condition or combination of conditions may be fashioned to reasonably assure Defendant's appearance in these proceedings and the safety of any other person and the community, his Motion for Release should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorney,

NATHANIEL R. MENDELL
Acting United States Attorney

/s/ Fred M. Wyshak, III
Fred M. Wyshak, III
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210

Dated:  September 17, 2021

## CERTIFICATE OF SERVICE

Undersigned counsel certifies that this document was filed with Clerk of Court of the United States District Court, District of Massachusetts and emailed to counsel for Defendant on September 17, 2021.

/s/ Fred M. Wyshak, III
Fred M. Wyshak, III
Assistant United States Attorney

Dated:  September 17, 2021